# 22-1826

# United States Court of Appeals
### *for the*
# Fourth Circuit

---

ABRAR OMEISH,

*Plaintiff/Appellee,*

– v. –

STACEY ANN KINCAID, Sheriff, Fairfax County,

*Defendant/Appellant,*

J PATRICK, Officer, Fairfax County Police Department,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

# OPENING BRIEF OF APPELLANT

ALEXANDER FRANCUZENKO
PHILIP C. KRONE
COOK CRAIG &
   FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
(703) 865-7480

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (804) 648-3664

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _22-1826_        Caption: _Abrar Omeish v. Stacey Ann Kincaid, Sheriff, Fairfax County, et al._

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Stacey Ann Kincaid, Sheriff, Fairfax County_
(name of party/amicus)

_____

 who is _____appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.      Does party/amicus have any parent corporations?                                ☐YES ☑NO
        If yes, identify all parent corporations, including all generations of parent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                        ☐YES ☑NO
        If yes, identify all such owners:

- 1 -

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?    ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Philip Corliss Krone

Date: 8/22/2022

Counsel for: Stacey Ann Kincaid

- 2 -

Print to PDF for Filing

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................. iii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES ............................................................ 1

STATEMENT OF THE CASE ............................................................... 2

SUMMARY OF ARGUMENT .............................................................. 4

STANDARD OF REVIEW ................................................................... 6

ARGUMENT ....................................................................................... 7

    I.    The District Court Erred by Holding that Sheriff Kincaid's Ongoing Retention of the Booking Photograph Violated RLUIPA as a Matter of Law ................................................. 7

        A.    The District Court Misapplied RLUIPA's Burden Shifting Standards by Wrongfully Putting the Burden on Sheriff Kincaid to Prove There Was No Substantial Burden to a Sincerely Held Religious Belief ............................ 8

        B.    The District Court Misapplied Summary Judgment Standards by Resolving Factual Disputes in Favor the Moving Party as to Whether There Was a Substantial Burden on a Sincerely Held Religious Belief ............................ 9

    II.    The District Court Erred by Holding that Sheriff Kincaid's Ongoing Retention of the Booking Photograph Violated RLUIPA as a Matter of Law Because it Improperly Considered Claims Beyond the Scope of the June 15, 2021 Order ....................................................................................... 16

    III.    The District Court Erred by Awarding Injunctive Relief Because Omeish's Injury Would Not Be Redressed by a Narrowly Tailored Injunction ............................................. 18

    IV.    The District Court Went Beyond its Authority in Fashioning the Injunctive Relief ............................................................ 21

        A.    The District Court Improperly Applied Law ............................ 22

i

B. The District Court Did Not Narrowly Tailor the Injunctive Relief..........................................................................24

CONCLUSION .........................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Adickes v. S.H. Kress & Co.,*
   398 U.S. 144 (1970)................................................................14

*Amoco Prod. Co. v. Vill. of Gambell*,
   480 U.S. 531 (1987)................................................................18

*Anderson v. City of Bessemer City, North Carolina,*
   470 U.S. 564 (1985)................................................................23

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)........................................................... 6, 14

*Bostic v. Schaefer,*
   760 F.3d 352 (4th Cir. 2014) .......................................................6

*Brown v. Trustees of Boston University,*
   891 F.2d 337 (1st Cir. 1989)......................................................19

*California Chamber of Com. v. Council for Educ. & Rsch. on Toxics*,
   29 F.4th 468 (9th Cir. 2022) .....................................................25

*Casa de Maryland, Inc. v. Wolf*,
   486 F. Supp. 3d 928 (D. Md. 2020), *appeal dismissed sub nom.*
   *Casa De Maryland, Inc. v. Mayorkas*, No. 20-2217 (L), 2021 WL
   1923045 (4th Cir. Mar. 23, 2021)................................................25

*Christianson v. Colt Indus. Operating Corp.,*
   486 U.S. 800 (1988)................................................................11

*Christopher Phelps & Assocs., LLC v. Galloway*,
   492 F.3d 532 (4th Cir. 2007) .....................................................18

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983).................................................................15

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
   138 F. Supp. 3d 352 (S.D.N.Y. 2015), *aff'd sub nom. Congregation*
   *Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY,*
   945 F.3d 83 (2d Cir. 2019) ................................................ 18, 19

*Crane Boom Life Guard Co. v. Saf-T-Boom Corp.*,
    362 F.2d 317 (8th Cir. 1966) .........................................................................25

*Dixon v. Edwards*,
    290 F.3d 699 (4th Cir. 2002) .........................................................................21

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)........................................................................................18

*Edmo v. Corizon, Inc.*,
    935 F.3d 757 (9th Cir. 2019) .........................................................................22

*Golden State Bottling Co. v. NLRB*,
    414 U.S. 168 (1973)........................................................................................25

*Greenhill v. Clarke*,
    944 F.3d 243 (4th Cir. 2019) ......................................................... 8, 9, 10, 15

*Hayes v. North State Law Enforcement Officers Ass'n*,
    10 F.3d 207 (4th Cir. 1993) ................................................................. 22, 24

*Henry v. Purnell*,
    652 F.3d 524 (4th Cir. 2011) ...........................................................................6

*Incumaa v. Ozmint*,
    507 F.3d 281 (4th Cir. 2007) .........................................................................19

*Incumaa v. Stirling*,
    791 F.3d 517 (4th Cir. 2015) ...........................................................................8

*J.H. v. Bratton*,
    248 F. Supp. 3d 401 (E.D.N.Y. 2017)...........................................................15

*Jones v. Slade*,
    23 F.4th 1124 (9th Cir. 2022) ........................................................................10

*Kentuckians for Commonwealth Inc. v. Rivenburgh*,
    317 F.3d 425 (4th Cir. 2003) .........................................................................20

*Lamb–Weston, Inc. v. McCain Foods, Ltd.*,
    941 F.2d 970 (9th Cir. 1991) .........................................................................24

*Legend Night Club v. Miller*,
    637 F.3d 291 (4th Cir. 2011) ...........................................................................7

*Libertarian Party of Va. v. Judd*,
    718 F.3d 308 (4th Cir. 2013) ................................................................... 6, 10

*Lovelace v. Lee*,
    472 F.3d 174 (4th Cir. 2006) ................................................................. 9, 10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ....................................................................................19

*Marcavage v. The City of N.Y.*,
    689 F.3d 98 (2d Cir. 2012) ........................................................................18

*Mayor of Baltimore v. Azar*,
    973 F.3d 258 (4th Cir. 2020), *cert. granted sub nom. Cochran v.*
    *Mayor & City Council of Baltimore*, 141 S. Ct. 1369 (2021),
    and *cert. dismissed sub nom. Becerra v. Mayor & City Council of*
    *Baltimore*, 141 S. Ct. 2170 (2021), and *cert. dismissed sub*
    *nom. Becerra v. Mayor & City Council of Baltimore*, 141 S. Ct.
    2618 (2021) ................................................................ 7, 18, 21, 24

*Med. Waste Assocs. Ltd. v. Mayor & City Council of Baltimore*,
    966 F.2d 148 (4th Cir. 1992) .......................................................................6

*Mercantile Peninsula Bank v. French*,
    499 F.3d 345 (4th Cir. 2007) .................................................................. 6-7

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ....................................................................................15

*Ostergren v. Cuccinelli*,
    615 F.3d 263 (4th Cir. 2010) .....................................................................21

*PBM Prod., LLC v. Mead Johnson & Co.*,
    639 F.3d 111 (4th Cir. 2011) ......................................................... 22-23, 24

*QueTel Corp. v. Abbas*,
    819 F. App'x 154 (4th Cir. 2020) ...............................................................18

*Reynolds v. Am. Nat. Red Cross*,
    701 F.3d 143 (4th Cir. 2012) .......................................................................6

*South Carolina v. United States*,
    907 F.3d 742 (4th Cir. 2018) ............................................................... 21, 22

*Swann v. Charlotte-Mecklenburg Bd. of Educ.*,
    402 U.S. 1 (1971) ............................................................................... 22, 24

*TFWS, Inc. v. Franchot*,
    572 F.3d 186 (4th Cir. 2009) .....................................................................10

*Tolan v. Cotton*,
  572 U.S. 650 (2014)..................................................................................7

*United States v. AMC Ent., Inc.*,
  549 F.3d 760 (9th Cir. 2008) ...........................................................24

*United States v. Aramony*,
  166 F.3d 655 (4th Cir.1999) .................................................... 10-11

*Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*,
  263 F.3d 379 (4th Cir. 2001), *overruled on other grounds by*
  *Real Truth About Abortion, Inc. v. Fed. Election Comm'n*,
  681 F.3d 544 (4th Cir. 2012) ........................................... 21-22, 24


**Statutes & Other Authorities:**

U.S. Const., Amend. I ...............................................................................9

U.S. Const., Article III ..........................................................................14

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 1331 ......................................................................................1

42 U.S.C. § 1983 ...................................................................................1, 2

42 U.S.C. § 2000cc ........................................................................ 1, 2, 8, 9

42 U.S.C. § 2000cc-1(a) ...........................................................................8

42 U.S.C. § 2000cc-2 ................................................................................8

42 U.S.C. § 2000cc-2(b) ........................................................................8, 9

Fed. R. Civ. P. 56(a)................................................................................6

Fed. R. Civ. P. 65(d)(2)..........................................................................25

Virginia Code § 2.2-3706(A) ................................................................12

## JURISDICTIONAL STATEMENT

Ms. Omeish originally filed this action in the United States District Court for the Eastern District of Virginia on or about January 12, 2021. (JA17 – 32). The district court had jurisdiction under 28 U.S.C. § 1331 as the complaint alleged violations of constitutional rights under 42 U.S.C. § 1983 and violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*, ("RLUIPA"). Judge Liam O'Grady presided over the case. On July 22, 2022, the district court granted Ms. Omeish's motion for summary judgment and entered an order of injunctive relief against Sheriff Kincaid. (JA1089 – 1107). On August 5, 2022, Sheriff Kincaid noticed her appeal of the July 22 Orders granting summary judgment and injunctive relief. (JA1108). This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as the district court's Order was a final order.

## STATEMENT OF THE ISSUES

**Issue 1.** Whether the district court erred in holding that Sheriff Kincaid's retention of Omeish's booking photograph violated RLUIPA, as a matter of law, because (1) the district court misapplied RLUIPA's burden shifting standards by wrongfully putting the burden on Sheriff Kincaid to prove there was no substantial burden to a sincerely held religious belief and (2) the district court misapplied summary judgment standards by resolving factual disputes in favor the moving party as to whether there was a substantial burden on a sincerely held religious belief.

1

**Issue 2**.  Whether the district court erred in holding that Sheriff Kincaid's retention of Omeish's booking photograph violated RLUIPA, as a matter of law, by considering the actions of taking Omeish's booking photograph which was beyond the scope of the Omeish's claims as limited by the district court's June 15, 2021 Order.

**Issue 3**.  Whether the district court erred in awarding injunctive relief because the relief was not narrowly tailored, and it did not address Omeish's alleged injury.

**Issue 4**.  Whether the district court exceeded its authority in its Order for injunctive relief by requiring Sheriff Kincaid to use "her best efforts" to have other law enforcement entities, that were not parties to Omeish's lawsuit, subject themselves to the Order for injunctive relief.

## STATEMENT OF THE CASE

The Appellee, Abrar Omeish's, Amended Complaint against Sheriff Kincaid asserted claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA").  The basis for the actions arose from an arrest that resulted in Omeish being booked at the Fairfax County Adult Detention Center, her photograph being taken without her hijab (the "Photograph") pursuant to Fairfax County Sheriff's Office ("FCSO") standard operating procedures, and the FCSO's retention of the photograph.  On June 15, 2021, the district court granted Sheriff' Kincaid's Motion to Dismiss "except

with respect to the prospective injunctive relief" as to "the destruction of her images" pursuant to Omeish's RLUIPA claim. (JA114). In granting the Motion to Dismiss, the district court held that the injunctive and declaratory relief sought as to the taking of Omeish's photograph without her hijab was moot. (JA113).

On July 22, 2022, the district court granted Omeish's Motion for Summary Judgment. (JA1089 - 1105). In doing so, the district court found that "the <u>taking</u> and retention of the photographs during Omeish's booking was an institutional act that violated a person's (who was under the control of a covered institution) sincerely held religious belief." (JA1099) (emphasis added). The district court noted that Sheriff Kincaid bore the burden of showing "<u>that the retention</u> of the of the uncovered photographs is the least restrictive means of furthering a compelling government interest." (JA1101) (emphasis added). Finally, "the Court [did] not hold that the retention of every photograph of a Muslim woman without a hijab would be per se a violation of RLUIPA in every circumstance. However, based on the particular factual record of this specific case, Omeish has persuaded the Court there is no compelling government interest in the retention of her uncovered photograph." (JA1105).

On July 22, 2022, based on its award of summary judgment to Omeish, the district court ordered Sheriff Kincaid to (1) "destroy all copies of the Photograph in her Office's possession or in the possession of any of the Sheriff's Office

employees," (2) "submit a status report within 14 days of this order describing how she has fully complied with this order, including an affidavit from a relevant official confirming that the Sheriff's Office has completed a search of its physical and electronic records and a list of the physical and electronic copies it destroyed," (3) "issue a written request, with a copy of this Order and a copy of Ms. Omeish's successful expungement order attached, to all other entities she has reason to believe are custodians or possessors of the Photograph, including the Virginia State Police and the Fairfax County Police Department, asking each custodian or possessor to destroy the offending photograph," and (4) "use her best efforts to assist all third parties in destruction of the Photograph. Sheriff Kincaid shall submit a status report within 30 days of this Order summarizing the entities notified and their responses to the Sheriff's Office's notifications, and to the extent photographs remain undestroyed, what steps are necessary to ensure their destruction." (JA1106 - 1107).

Sheriff Kincaid noticed her appeal challenging the district court's award of summary judgment and the injunctive relief, specifically requirements 3 and 4 (the "Third-Party Requests and Best Effort Requirements").

## SUMMARY OF ARGUMENT

The district court's award of summary judgment and injunctive relief to Omeish was the result of a misapplying the law of the case, statutory standards, procedural standards, and legal standards. At the motion to dismiss stage, the district

4

court limited the parameters of Omeish's claims. Omeish's RLUIPA claims for declaratory relief as to the taking of her booking photograph were deemed moot and she was allowed to proceed on her RLUIPA claim for prospective injunctive relief as to the retention of her booking photograph.

Omeish moved for summary judgment. Sheriff Kincaid opposed summary judgment within the parameters set by the district court's previous order focusing on the availability of injunctive relief. Nonetheless, Sheriff Kincaid disputed Omeish's factual assertions necessary to support her RLUIPA claim. These disputes were ignored, and district court concluded that there was no factual dispute, that Sheriff Kincaid violated RLUIPA, and that Omeish was entitled summary judgment and injunctive relief.

En route to this decision, the district court failed to apply the proper standards. First, the district court incorrectly applied RLUIPA's burden shifting provision wrongfully shifting the burden to Sheriff Kincaid. The district court, then, incorrectly applied summary judgment standards resolving facts disputed by Sheriff Kincaid in favor of Omeish, the moving party. All the while, the district court analysis considered the taking of the booking photograph, which pursuant to the court's previous order, was no longer at issue. Next, the district court awarded injunctive relief but failed to narrowly tailor the relief. Likely, this failure was by design because had the relief been narrowly tailored it would not have prevented the

prospective injury that Omeish claimed, that her booking photograph would be available to the public.

This Court's intervention is necessary to reverse and vacate the district court's improper award of summary judgment and injunctive relief.

## STANDARD OF REVIEW

A district court's award of summary judgment is reviewed "*de novo*, applying the same standard applied by the district court." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 149 (4th Cir. 2012) (citing *Henry v. Purnell,* 652 F.3d 524, 531 (4th Cir. 2011); *Med. Waste Assocs. Ltd. v. Mayor & City Council of Baltimore,* 966 F.2d 148, 150 (4th Cir. 1992)). Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bostic v. Schaefer,* 760 F.3d 352, 370 (4th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va. v. Judd,* 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks omitted). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party . . . ." *Id.* at 312. In doing so, the Court must not weigh evidence or make credibility determinations. *Mercantile*

*Peninsula Bank v. French,* 499 F.3d 345, 352 (4th Cir. 2007). "[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656, (2014) (per curiam) (internal citations omitted).

"The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Mayor of Baltimore v. Azar*, 973 F.3d 258, 274 (4th Cir. 2020), *cert. granted sub nom. Cochran v. Mayor & City Council of Baltimore*, 209 141 S. Ct. 1369 (2021), and *cert. dismissed sub nom. Becerra v. Mayor & City Council of Baltimore*, 141 S. Ct. 2170 (2021), and *cert. dismissed sub nom. Becerra v. Mayor & City Council of Baltimore*, 141 S. Ct. 2618 (2021) (internal citations omitted). The district court's legal conclusions are reviewed de novo, and "any factual findings [are reviewed] for clear error." *Id.* (citing *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011)).

## **ARGUMENT**

## I.    **The District Court Erred by Holding that Sheriff Kincaid's Ongoing Retention of the Booking Photograph Violated RLUIPA as a Matter of Law.**

RLUIPA states that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on

that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The district court incorrectly found that Omeish was entitled to judgment as a matter of law on her RLUIPA claim because it wrongfully put the burden on Sheriff Kincaid and (2) resolved factual disputes in Omeish's favor.

## A. The District Court Misapplied RLUIPA's Burden Shifting Standards by Wrongfully Putting the Burden on Sheriff Kincaid to Prove There Was No Substantial Burden to a Sincerely Held Religious Belief.

Under RLUIPA, "[i]f a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, *except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion*. 42 U.S.C. § 2000cc-2. In other words, the institutionalized person bringing the RLUIPA claim "bears the initial burden of establishing that a prison policy substantially burdens his or her ability to practice in accordance with a sincerely held religious belief." *Greenhill v. Clarke*, 944 F.3d 243, 250 (4th Cir. 2019) (citing *Incumaa v. Stirling*, 791 F.3d 517, 525 (4th Cir. 2015)); 42 U.S.C. § 2000cc-2(b).

Here, when setting forth the applicable statutory standard, the district court stated "[i]f a plaintiff produces prima facie evidence to support a claim alleging a

violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim." (JA1099) (citing   42 U.S.C. § 2000cc-2(b).  The district court ignored completely, the remainder of that sentence which states "except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."

The district court's analysis was premised on a misreading of RLUIPA. Instead of enforcing RLUIPA's mandate that the plaintiff bear the burden on establishing the substantial burden, the district court improperly required Sheriff Kincaid to prove there was no substantial burden.  As a result, the district court incorrectly held that Omeish was entitled to summary judgment on her RLUIPA claim and this Court must reverse the district court's decision.

**B.    The District Court Misapplied Summary Judgment Standards by Resolving Factual Disputes in Favor the Moving Party as to Whether There Was a Substantial Burden on a Sincerely Held Religious Belief**

RLUIPA itself, does not define substantial burden but this Court has "held that the term has the same meaning as it does in the First Amendment context." *Greenhill*, 944 F.3d at 250 (citing *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006). Thus, "a substantial burden is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs or one that forces a person to choose

9

between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning the precepts of her religion on the other hand." *Id.* (quoting *Lovelace*, 472 F.3d at 187). Consequently, the identification of the religious exercise at issue becomes the starting point in an RLUIPA claim. *See Jones v. Slade*, 23 F.4th 1124, 1141 (9th Cir. 2022) (internal citations omitted). Again, at the summary judgment stage, the district court must "view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party . . . ." *Libertarian Party of Va.,* 718 F.3d at 313 (internal quotation marks omitted).

In her motion for summary judgment's undisputed material fact section, Ms. Omiesh asserted three distinct sincerely held beliefs, stating that "[1] [a]ppearing in public or [2] being photographed without wearing hijab, *and* [3] having that photo available to the public, is a serious breach of Ms. Omeish's faith and is a deeply humiliating and defiling experience in conflict with her sincerely held religious beliefs." (JA140) (emphasis added). Pursuant to the law of the case, the first two, appearing in public and being photographed, were no longer at issue, leaving only "having that photo available to the public." (JA113 – 114); *see TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *United States v.*

10

*Aramony,* 166 F.3d 655, 661 (4th Cir.1999) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815–16 (1988))).

In ruling on summary judgment, however, the district court addressed the two beliefs, finding that "[t]here [was] no genuine dispute that the retention of the photographs places a substantial burden on Omeish's sincerely held religious beliefs . . . because Omeish has asserted that wearing a hijab is central to her faith and that *appearing in public or being photographed* while not wearing the hijab is a 'deeply humiliating and defiling experience in conflict with her sincerely-held religious beliefs.'"  (JA1099) (emphasis added).  At the time of Omeish's Motion for Summary Judgment, the taking of the booking photographs and SOP 533 were no longer at issue in this case.  The only remaining basis for Ms. Omeish's RLUIPA claim was "[t]he ongoing availability of her images."  (JA114).

The district court found that "[t]here [was] no genuine dispute that the retention of the photographs places a substantial burden on Omeish's sincerely held religious beliefs . . . because Omeish has asserted that wearing a hijab is central to her faith and that *appearing in public or being photographed* while not wearing the hijab is a 'deeply humiliating and defiling experience in conflict with her sincerely-held religious beliefs.'"  (JA1099) (emphasis added) (citing JA40).  Based on this finding, the district court concluded that "[a]lthough Sheriff Kincaid has not admitted that the photographs in question are available to the public, Sheriff Kincaid

11

has not otherwise challenged these assertions," concluding "it [is] very realistic that Omeish's pictures could still be available to, or viewed by, either members of the public or the custodians of those photographs." (JA1099 – 1100).

The record, however, does not support the district court's findings or conclusions. And to arrive at such conclusions, the district court had to improperly make inferences in favor of the non-moving party to resolve questions of fact that should have gone to a jury. In fact, "having that photo available to public" is a disputed fact. In her statement of undisputed material fact number ("UMF No.") 8, Omeish merely concludes, without any evidence, that the photo is, in fact, available to the public. Seemingly, Omeish attempted to bolster this claim with UMF Nos. 27, 28, and 37.

In UMF No. 27, Omeish claimed that "[s]tate law requires the Fairfax County Sheriff's Department to produce booking photos in its possession, including the uncovered photo of Ms. Omeish, to media and individuals pursuant to any responsive Freedom of Information Act request. Virginia Code § 2.2-3706(A) (making disclosure mandatory)." (JA144). Sheriff Kincaid disputed this legal conclusion, stating "[i]f an individual requested that the Fairfax County Sheriff's Office ("FCSO") to produce a booking photograph of an individual without their religious head covering 'there's no real reason to release that one' because 'we take

12

that photo for law enforcement purposes' so the FCSO "would release the one with the religious head covering on it." (JA1033) (citing JA931 - 932).

In UMF No. 28, Omeish claimed that "Fairfax County Sheriff Department's public information officer can release the photograph at any time." (JA144) (citing JA929). Sheriff Kincaid disputed this claim stating, again, "[i]f an individual requested that the Fairfax County Sheriff's Office ("FCSO") to produce a booking photograph of an individual without their religious head covering 'there's no real reason to release that one' because 'we take that photo for law enforcement purposes' so the FCSO "would release the one with the religious head covering on it." (JA1033) (citing JA931 – 932).

In UMF No. 37, Omeish also claimed that "Defendants violated Ms. Omeish's sincerely held religious beliefs on the night of March 5, 2019, by taking an uncovered photo of her, and they continue to violate her religious rights every day the photo is accessible to men in law enforcement and the public in general. 'The availability of her images to law enforcement agencies and the public constitutes ongoing harm from which she is suffering.'" (JA145) (citing JA114). Sheriff Kincaid disputed these legal conclusions that misapplied the district court's order June 15 Order, which did not make any factual findings but held that the Omeish plausibly asserted claims. (JA1035) (Citing JA114). Sheriff Kincaid also disputed these conclusions as not material "in light of this Court's June 15 Order finding that

13

Plaintiff 'does not have standing to challenge SOP 533" and "assuming she has not abandoned this requested relief [standing to request declaratory relief], it is moot.'" (JA1035) (citing JA113).

The Supreme Court has made clear that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-159 (1970)).  The district court, nonetheless, elected to ignore Sheriff Kincaid's evidence that Omeish's "facts" were in dispute.  Thus, the district court improperly drew inferences in Omeish's favor.

Additionally, the district court noted that "Omeish is not incarcerated, so the need to identify her in the future does not raise the same security concerns . . . ." (JA1104).  This acknowledgment cuts against Omeish's conclusory assertion that her photograph is being viewed by males in the FCSO.  If she is not in the jail, then picture is not being used for identification.[1]  Because Omeish would have to break

---

[1] The Supreme Court of the United States has stated:

> It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy… Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions.  Abstract injury is not enough.  The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official

the law in Fairfax County and be arrested again before the Photograph would be potentially viewed, the threat of prospective injury is too remote. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Courts typically assume that plaintiffs will not violate the law in order to find standing. *O'Shea*, 414 U.S. 488; *see also J.H. v. Bratton*, 248 F. Supp. 3d 401, 408 (E.D.N.Y. 2017). Therefore, Ms. Omeish failed to show she was entitled to declaratory or prospective injunctive relief as a matter of law. *See J.H.*, 248 F. Supp. 3d at 408 ("To establish standing for prospective relief, a plaintiff must show, inter alia, a sufficient likelihood that he or she will again be wronged in a similar way.") (internal citations omitted). Nonetheless, the district court tipped the scale in favor of Ms. Omeish and awarded summary judgment and injunctive relief.

Only after the institutionalized person satisfies their burden, does "the burden shift[] to the government to show that the prison policy is the least restrictive means of furthering a compelling governmental interest." *Greenhill*, 944 F.3d at 250 (internal citations omitted). Ultimately, Omeish failed to set forth undisputed facts to support the position that the FCSO's retention of Omeish's photographs created a substantial burden to sincerely held religious belief that a photograph without her

---

conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.

*City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (internal quotations and citations omitted).

hijab should not be made available to the public. The analysis should have ended here.

Therefore, Omeish failed to show that she was entitled to judgment as a matter of law and the district court erred by granting summary judgment. Accordingly, this Court should reverse the district court's holding and remand for further proceedings.

## II. The District Court Erred by Holding that Sheriff Kincaid's Ongoing Retention of the Booking Photograph Violated RLUIPA as a Matter of Law Because it Improperly Considered Claims Beyond the Scope of the June 15, 2021 Order.

On June 15, 2021, the district court granted Sheriff' Kincaid's Motion to Dismiss "except with respect to the prospective injunctive relief" as to "the destruction of her images" pursuant to Omeish's RLUIPA claim. (JA114). In arriving at this determination, the district court found that Omeish "d[id] not have standing to challenge SOP 533" and that "any request for declaratory relief would be moot." (JA1035) (citing JA113). "SOP 533 specifically requires the removal of an arrestee's religious head covering to capture a booking photo without the covering." (JA107). In other words, at the motion to dismiss stage, the district court took the issue of taking the booking photograph off the table.

While the two may be related, they are contextually different, as they are performed for different reasons, pursuant to different policies. Sheriff Kincaid opposed Omeish's motion for summary judgment under the confines of the district court's previous order focusing its arguments on the retention, not the taking of the

booking photograph. The district court, nonetheless, found that "appearing in public *or being photographed* while not wearing the hijab" were sincerely held religious beliefs, and that "there is no genuine dispute *that the taking and* retention of the photographs during Omeish's booking was an institutional act that violated a person's (who was under the control of a covered institution) sincerely held religious beliefs." (JA1099) (emphasis added). The district court's conjunctive reference to the taking of the photographs and the retention makes it clear that, despite holding that the taking of the photograph was moot, it was, nonetheless, improperly considered when ruling on Omeish's motion for summary judgment.

Without any further distinction or analysis, except for reliance on RLUIPA's provision requiring broad construction, the district court concluded there was no dispute and Omeish satisfied her burden to establish the existence of a substantial burden. The district court's analysis makes it clear that it relied on claims that were not at issue in deciding that Omeish was entitled to summary judgment. Therefore, the district court improperly considered matters beyond the scope of the law of the case to arrive its ruling for Omeish's motion for summary judgment, and, consequently, this Court should reverse the district court's holding and remand for further proceedings.

**III.** **The District Court Erred by Awarding Injunctive Relief Because Omeish's Injury Would Not Be Redressed by a Narrowly Tailored Injunction**

"A party seeking a permanent injunction must demonstrate 'actual success' on the merits, rather than a mere 'likelihood of success' required to obtain a preliminary injunction." *Azar*, 973 F.3d at 274 (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)). The plaintiff must also show: (1) an irreparable injury; (2) inadequate remedies at law; (3) that "the balance of hardships between the plaintiff and defendant" warrants an equitable remedy; and (4) that "the public interest would not be disserved by a permanent injunction." *QueTel Corp. v. Abbas*, 819 F. App'x 154, 157 (4th Cir. 2020) (citing *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006))). Prospective injunctive relief requires a plaintiff to "'demonstrate a certainly impending future injury,' and to do so, 'a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that injury would be prevented by the equitable relief sought.'" *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 380 (S.D.N.Y. 2015), *aff'd sub nom. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83 (2d Cir. 2019) (quoting *Marcavage v. The City of N.Y.,* 689 F.3d 98, 103 (2d Cir. 2012)). "[E]ach of these factors 'must be supported in the same way as any other matter on which . .

18

. Plaintiff bears the burden of proof.'" *Id.* (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992)).

In determining that the district court had standing over Omeish's claims, it stated that "the injury of which Omeish complains would be redressed by a narrowly tailored injunction issued by this Court." (JA1100) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) (a plaintiff's case would be moot if the relief sought "would not redress in any way the injury he originally asserted"). A narrowly tailored injunction, however, would not prevent the prospective injury of the photograph appearing in public. Omeish's RLUIPA claim only names Sheriff Kincaid as a defendant, but seeks to have the booking photograph destroyed by other entities in possession the booking photograph. (JA50). Those other law enforcement entities, have their own interests in the retention of the photograph which were not at issue before the district court. *Cf. Brown v. Trustees of Boston University,* 891 F.2d 337–361 (1st Cir.1989) ("An injunction should be narrowly tailored to give only the relief to which plaintiffs are entitled. Ordinarily, class-wide relief, such as the injunction here which prohibits sex discrimination against the class of Boston University faculty, is appropriate only where there is a properly certified class . . . . But there is no such reason here for an injunction running to the benefit of nonparties. *Professor Brown's case established that she alone had been the victim of sex discrimination*. The only permissible focus of the injunctive relief, therefore,

would be on protecting her from further instances of sex discrimination or retaliation ....") (emphasis added) (citations omitted).

Ordering Sheriff Kincaid "to take every step, including, but not limited to, instructing other persons or agencies given access to Plaintiff's booking photographs to destroy all copies of Plaintiff's booking photographs" does not prevent the prospective injury because those agencies are not under Sheriff Kincaid's control or the district court's jurisdiction.  It further, necessitates additional individuals to the view the booking photograph when it may otherwise not be viewed.

Again, the question presented by this case at summary judgment was whether Sheriff Kincaid's retention of the booking photograph violates RLUIPA.  Even if that question is answered in the affirmative, the injunctive relief requiring Sheriff Kincaid to  "issue a written request . . . to all other entities she has reason to believe are custodians or possessors of the Photograph,  including  the Virginia State Police and the Fairfax County Police Department, asking each custodian or possessor to destroy the offending photograph," and "use her best efforts to assist all third parties in destruction of the Photograph" do not provide redress to that issue.  (JA1106 – 1107); *see Kentuckians for Commonwealth Inc. v. Rivenburgh*, 317 F.3d 425, 437 (4th Cir. 2003) (vacating injunction for "reaching beyond the issues presented to the district court for resolution").

Thus, the record before the district court failed to show that the injunctive relief that was subject of Omeish's claims would have prevented the prospective injury. Therefore, Omeish was not entitled to summary judgment awarding her such injunctive relief and this Court should reverse the district court's holding and remand for further proceedings.

**IV.**  **The District Court Went Beyond its Authority in Fashioning the Injunctive Relief.**

"The scope of injunctive relief rests within the sound discretion of the district court." *Azar*, 973 F.3d at 293 (internal quotation marks omitted) (citing *South Carolina v. United States*, 907 F.3d 742, 753 (4th Cir. 2018); *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)). The district court's "powers are not boundless," however. *Id.* (quoting *Ostergren v. Cuccinelli*, 615 F.3d 263, 288 (4th Cir. 2010)). "The district court's choice of relief should be carefully addressed to the circumstances of the case." *Mayor of Baltimore v. Azar*, 973 F.3d 258, 293 (4th Cir. 2020), *cert. granted sub nom. Cochran v. Mayor & City Council of Baltimore*, 209 L. Ed. 2d 118, 141 S. Ct. 1369 (2021), and *cert. dismissed sub nom. Becerra v. Mayor & City Council of Baltimore*, 209 L. Ed. 2d 747, 141 S. Ct. 2170 (2021), and *cert. dismissed sub nom. Becerra v. Mayor & City Council of Baltimore*, 141 S. Ct. 2618 (2021) (internal quotation marks omitted) (citing *Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir. 2001), *overruled on other grounds by Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544

(4th Cir. 2012)).  And "[a]s with any equity case, the nature of the violation determines the scope of the remedy." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 16 (1971); *see Hayes v. North State Law Enforcement Officers Ass'n,* 10 F.3d 207, 217 (4th Cir. 1993) ("Although injunctive relief should be designed to grant the full relief needed to remedy the injury to the prevailing party, it should not go beyond the extent of the established violation")).

In this case, the district court abused its discretion in formulating the injunctive relief, "Third-Party Requests and Best Effort Requirements," because it improperly applied the law, did not narrowly tailor, and was vague.

**A.    The District Court Improperly Applied Law.**

"A district court abuses its discretion if its injunctive order is guided by erroneous legal principles or rests upon a clearly erroneous factual finding, or it otherwise acts arbitrarily or irrationally in its ruling." *Id.* (internal quotation marks omitted) (citing *South Carolina*, 907 F.3d at 753).  "Clear error exists if the finding is illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784–85 (9th Cir. 2019) (internal quotation marks and citations omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *PBM Prod., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 125–26 (4th

Cir. 2011) (citing *Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 573 (1985)).

The Third-Party Requests and Best Effort Requirements are contradictory to the legal principles set forth in the district court's Opinion granting summary judgment. As indicated in both the motion to dismiss and summary judgment opinions, the alleged violation in question was whether the retention of Photograph violated RLUIPA. In finding that the retention of the Photograph violated RLUIPA the district court made clear that it "[did] not hold that the retention of every photograph of a Muslim woman without a hijab would be per se a violation of RLUIPA in every circumstance. However, based on the particular factual record of this specific case, Omeish has persuaded the Court there is no compelling government interest in the retention of her uncovered photograph." (JA1105).

Accordingly, whether the retention of the booking photograph by other agencies violates RLUIPA was never the subject of this litigation and was never determined. The other agencies in possession of the booking photograph have their own interests in retaining the photograph and have not been afforded the opportunity to assert them. As a result, the injunctive relief ordered attempts to circumvent the fact that the other agencies' retention of the booking photograph has not been held as a matter of law to violate RLUIPA, and this Court should vacate the injunctive relief ordered by district court.

**B.      The District Court Did Not Narrowly Tailor the Injunctive Relief.**

"[A] trial court abuses its discretion by fashioning an injunction which is overly broad." *United States v. AMC Ent., Inc.*, 549 F.3d 760, 768 (9th Cir. 2008) (citing *Lamb–Weston, Inc. v. McCain Foods, Ltd.,* 941 F.2d 970, 974 (9th Cir. 1991)). Ultimately, "[t]he district court's choice of relief should be carefully addressed to the circumstances of the case." *Azar*, 973 F.3d at 293 (internal quotation marks omitted) (citing *Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir. 2001), *overruled on other grounds by Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544 (4th Cir. 2012)). And "[a]s with any equity case, the nature of the violation determines the scope of the remedy." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 16, 91 S.Ct. 1267 (1971); *see Hayes v. North State Law Enforcement Officers Ass'n,* 10 F.3d 207, 217 (4th Cir. 1993) ("Although injunctive relief should be designed to grant the full relief needed to remedy the injury to the prevailing party, it should not go beyond the extent of the established violation")). "In other words, the court will vacate an injunction if it is broader in scope than that necessary to provide complete relief to the plaintiff or if an injunction does not carefully address only the circumstances of the case." *PBM Prod., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 128 (4th Cir. 2011) (internal quotation marks and citations omitted).

Under Federal Rule of Civil Procedure 65(d)(2), an injunction may "bind not only defendants but also people 'identified with them in interest, in 'privity' with them, represented by them or subject to their control.'" *California Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 483 (9th Cir. 2022) (quoting *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179 (1973) (internal citations omitted)). "Who are privies ordinarily presents a question of fact requiring examination of the circumstances of each case as it arises." *Crane Boom Life Guard Co. v. Saf-T-Boom Corp.*, 362 F.2d 317, 322 (8th Cir. 1966) (internal citations omitted) (noting that the district court made a finding of privity between parties and non-parties).

Not only did the requirements go beyond the nature of the violation, but also, they included agencies that are not parties to this litigation. *See Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 970 (D. Md. 2020), *appeal dismissed sub nom. Casa De Maryland, Inc. v. Mayorkas*, No. 20-2217 (L), 2021 WL 1923045 (4th Cir. Mar. 23, 2021) ("this Court must make clear that the scope of the relief is limited to the rules for which Plaintiffs have standing"). Not only do the other agencies in possession of the booking photograph have their own interests in retaining the photograph and have not been afforded the opportunity to assert them, but also have no legal obligation to comply with Sheriff Kincaid's requests to destroy the booking photograph.

25

Additionally, the injunctive relief provides that Sheriff Kincaid is to use her "best efforts." The district court did not define this term. Consequently, Omeish could continue to raise issue with Sheriff Kincaid's attempts to comply with the order, forcing her to litigate the overly broad, and open-ended Third-Party Requests and Best Effort Requirements. As a result, the injunctive relief is not narrowly tailored, and this Court should vacate the injunctive relief ordered by district court.

## **CONCLUSION**

This Court should (1) reverse the District Court's order granting summary judgment in favor of Appellee-Plaintiff Abrar Omeish and (2) vacate the injunctive relief ordered by the District Court.

Respectfully Submitted,

*/s/ Alexander Francuzenko*

Alexander Francuzenko
Philip C. Krone
COOK CRAIG &
   FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
(703) 865-7480

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**Effective 12/01/2016**

No. _22-1826_    **Caption:** Omeish v. Kincaid

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains ___6257___ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using MS Word _____ [*identify word processing program*] in Times New Roman, 14 pt. _____ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Alexander Francuzenko _____

Party Name _appellant_____

Dated: _1/10/2023_____

11/14/2016   SCC